**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**KWAME OTOYUMABOYA HILL,**

                **Petitioner,**

     v.                     **CASE NO. 18-3043-SAC**

**WARDEN DAN SCHNURR[1],**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254 by a prisoner in state custody. As required by Rule 4 of the rules governing petitions filed under Section 2254, the Court has examined the petition. For the reasons set forth, the Court concludes this matter must be dismissed.

**Background**

Petitioner challenges his 2010 conviction in Case No. 09CR2729 of two counts of rape. *State v. Hill*, 285 P.3d 1045 (Table), 2012 WL 4677701 (Kan.App. Sep. 28, 2012), *rev. denied*, Jul. 19, 2013.

In May 2014, petitioner filed a federal petition for petition for habeas corpus in this court which he voluntarily dismissed. *Hill v. Kansas*, 2014 WL 1745645 (D. Kan. May 18, 2014). In June 2014, he filed a state post-conviction action under K.S.A. 60-1507; that action was summarily dismissed in July 2014. He did not appeal.

On February 12, 2015, petitioner filed a second federal habeas corpus petition. On February 2, 2016, the Court dismissed that matter

---

[1] The Court substitutes Warden Schnurr as the respondent on its own motion. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

as time-barred. *Hill v. Heimgartner*, 15-3028-SAC.

On February 23, 2015, petitioner filed a second action under K.S.A. 60-1507. The state district court denied the petition on October 28, 2015, and petitioner filed an appeal. The Kansas Court of Appeals affirmed the dismissal. *Hill v. State*, 394 P.3d 154 (Table), 2017 WL 2001615 (May 12, 2017), *rev. denied*, Oct. 13, 2017.

On February 9, 2018, petitioner sought permission from the U.S. Court of Appeals for the Tenth Circuit to file a successive habeas corpus action. On February 26, 2018, the Tenth Circuit denied that request. *In re Hill*, #18-3020.

Petitioner commenced this action on February 23, 2018, while his request for leave to proceed was pending before the Tenth Circuit.

### Discussion

Under federal law, "before a second or successive application … if filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a petition is second or successive, and the appellate court has not granted prior authorization, the district court lacks jurisdiction to proceed. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Here, the petitioner was unsuccessful in obtaining prior authorization to proceed in this, his second habeas corpus application, and this court lacks jurisdiction to consider it.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 6th day of March, 2018, at Topeka, Kansas.

                                            S/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge